UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LITTON LOAN SERVICING LP, | ) | CV 10-2549 SVW (SHx) |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER REMANDING CASE TO LOS |
| v. | ) | ANGELES COUNTY SUPERIOR COURT |
| | ) | |
| ISIDRO VALENZUELA, AND DOES 1 | ) | [JS-6] |
| THROUGH 10, inclusive, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

"Courts have an independent obligation to determine whether subject-matter jurisdiction exists." Hertz Corp. v. Friend, 559 U.S. __, 130 S.Ct. 1181, 1193 (2010) (citing Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a). If the federal courts lack subject

matter over the action, the case is to be remanded to the state court from which it was removed.  28 U.S.C. § 1447(c).

### A. Federal Question Jurisdiction is Lacking

Defendant removed on the ground that Plaintiff's claim "arises under" federal law because Defendant has served a discovery request for "the original blue inked promisory [sic] note."  (Notice of Removal at 1.)  Defendant is attempting to invoke this Court's federal question jurisdiction, 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  To determine whether removal was appropriate, the court must focus on the plaintiff's complaint: "[j]urisdiction may not be sustained on a theory that the plaintiff has not advanced."  Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 810 (1986).

Here, the Complaint is an unlawful detainer action.  Plaintiff is seeking possession of real property located in Downey, California.  There are no federal laws at issue in this Complaint.  See Feutsche Bank Nat. Trust Co. v. Pinedo, No. C 09-3954 (JW), 2009 WL 3353100 (N.D. Cal. Oct. 16, 2009) (reaching same conclusion in a case involving an exactly identical notice of removal).

### B. Diversity Jurisdiction is Lacking

Nor is diversity jurisdiction appropriate under 28 U.S.C. § 1332.  "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a

1  preponderance of the evidence, that the amount in controversy meets the
2  jurisdictional threshold.  Where doubt regarding the right to removal
3  exists, a case should be remanded to state court." Matheson v.
4  Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003)
5  (per curiam) (citing Sanchez v. Monumental Life Ins. Co., 102 F.3d 398,
6  403 (9th Cir. 1996)); see also Valdez v. Allstate Ins. Co., 372 F.3d
7  1115, 1117 (9th Cir. 2004).

8      Defendant contends that over $95,000 are at issue in this action.
9  However, the Complaint makes clear that Plaintiff is seeking
10 approximately $70 per day from August 12, 2009 until the date of
11 judgment.  At a rate of $70 per day, it would take approximately three
12 years for Plaintiff to accrue $75,000 in damages.

13     Defendant has not met its burden of showing that at least $75,000
14 is in controversy.

15 **C.   Remand is Appropriate.**

16     For the foregoing reasons, the Court ORDERS that the action be
17 REMANDED pursuant to 28 U.S.C. § 1447(c) to Los Angeles Superior Court,
18 case no. 09C03393.

20     IT IS SO ORDERED.

23 DATED:  May 6, 2010

24     STEPHEN V. WILSON
25     UNITED STATES DISTRICT JUDGE

3